IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02199-RPM-MEH

SONNENALP REAL ESTATE, LLC,

    Plaintiff,

v.

TIMOTHY C. PARKS,
4246 COLUMBINE DRIVE, LLC, a Colorado limited liability company,
STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,
GEORG ANN ROGERS, and
JESS ROGERS,

    Defendants.

---

**RECOMMENDATION ON MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

---

Plaintiff has filed a Motion for Award of Attorneys' Fees and Costs [Docket #34]. The matter is fully briefed and has been referred to this Court [Docket #37]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. Oral argument would not materially assist the Court in adjudicating this motion. As set forth below, the Court recommends that the Motion for Award of Attorneys' Fees and Costs be **granted in part** and **denied in part**.

This is an interpleader action brought pursuant to the interpleader statute, 28 U.S.C. § 1335, and 28 U.S.C. § 1397. Timothy Parks owns a home at 4246 Columbine Drive, Vail, Colorado. The Rogers rented the home for a period of time. State Farm deposited $35,000.00 in Plaintiff's escrow account on behalf of the Rogers as a security deposit for the rental (it was a very expensive home). After the Rogers' departure from the rental property, State Farm sought return of the security deposit

which, by that time, was $31,079.77. In the Complaint, Plaintiff claimed that Parks/Columbine[1] were claiming part of the security deposit as damages to the property, and the Rogers were also claiming entitlement to some or all of the money, but Plaintiff was making no claim to the money.

State Farm did claim ownership of the security deposit at all times. However, in their answer to the Complaint, Parks/Columbine stated that the money should be delivered to State Farm as well. Unfortunately, at the time of that Answer, Plaintiff had not effected personal service on the Rogers, so their position was unknown. The Court held a Scheduling Conference on March 4, 2008. At the Conference it became immediately apparent to the Court that there was no dispute concerning entitlement to the funds, although again, the Rogers had not yet been contacted regarding their position. The Court learned from the parties the identity of an attorney who had represented the Rogers in other situations, and the Court contacted that attorney to determine whether the Rogers were aware of the litigation. That counsel agreed to accept service for the Rogers. Once the Rogers became aware of the litigation, they disclaimed any entitlement to funds, and the case was settled within two weeks.

The federal interpleader statute does not provide for attorneys' fees. However, the Tenth Circuit permits the discretionary award of fees and costs for an interpleader plaintiff out of the fund deposited with the court. *United States Fidelity & Guar. Co. v. Sidwell,* 525 F.2d 472, 475 (10th Cir. 1975). Because the plaintiff has, "at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants -- the true disputants -- who should be able to cover the typically minor expense involved out of the fund distributed to them." *Transamerica Premier Ins. Co. v. Growney*, 1995 WL 675368, *1 (10th Cir. 1995). For fees to be awarded, an interpleader

---

[1] 4246 Columbine Drive, LLC is an entity to whom Parks transferred the property.

plaintiff must be one who "(1) is 'disinterested' (*i.e.,* does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge," and "who is [not] in some way culpable as regards the subject matter of the interpleader proceeding." *United Bank of Denver, Nat'l Assoc. v. Oxford Properties, Inc.,* 683 F. Supp. 755, 756, 757 (D. Colo. 1988).

Thus, the Plaintiff here meets the technical minimum requirements to permit the exercise of the Court's discretion in permitting an award of fees and costs. However, because interpleader is an equitable proceeding, *Growney*, 1995 WL 675368 at *1 ("The award of fees and costs to an interpleader plaintiff . . . is an equitable matter that lies within the discretion of the trial court"), it is appropriate for the Court to weigh the equities in determining whether an award should be made and, if so, how much that award should be. *F.T.C. v. Skybiz.com, Inc.*, 102 Fed. Appx. 649, 651-52 (10th Cir. 2004).

In the *Growney* case, the court noted that the interpleader plaintiff's fees and costs should be "typically minor" in relation to the amount deposited with the Court. In that case, the fees and costs were $1,686.28 out of a fund of $50,000.00. *See also United Bank of Denver, Nat'l Assoc.*, 683 F. Supp. at 756 (awarding fees of $15,182.50 out of a fund of $620,000.00). In the present case, Plaintiff seeks more than half ($17,550.00 in fees and $1,176.71 in costs) from a fund of slightly more than $31,000.00. The Court sees no equity here. While it is true that the Plaintiff presents itself as an innocent party, so does State Farm, whose money is at issue. The Court believes that there is an overriding interest in avoiding dissipation of State Farm's money. Plaintiff does not appear to have acted with that primary interest in mind. From this Court's initial involvement in the case, it became clear that with a few telephone calls and some negotiation, this dispute could be (and was) resolved. The Court does not fault Plaintiff for filing a complaint in interpleader, but the other

tasks performed on this case appear excessive and unnecessary. Therefore, the Court will limit the award of fees to an appropriate portion of the interpleaded funds.

Having reviewed the affidavit of fees and costs, the Court first notes that the Motion fails to comply with D.C.Colo.L.Civ.R. 54.3.B.2 and does not set forth a summary of relevant qualifications and experience to establish the hourly rates sought. Second, a simple interpleader action with slightly more than $31,000.00 at issue should not require the work of two attorneys or numerous intra-office conferences. Third, significant time spent on legal research was unnecessary either because Plaintiff has no interest in the funds and simply needed to interplead the amount or, with regard to service, was resolved by the undersigned magistrate judge with a simple phone call. Allowing for the filing of the Complaint and related paperwork, drafting a proposed scheduling order, attending the scheduling conference, negotiating a settlement, and seeking an award of fees, the Court finds that an award of fees of $4,080.00 is equitable in this case. This amounts to 17 hours of billable time as Ms. Morrison's rate of $240 per hour.

As to costs, Plaintiff seeks $1,176.71 in costs, including $349.58 in computerized legal research fees. Legal research fees are not allowable costs in federal court under Fed. R. Civ. P. 54. Had Plaintiff desired these fees as part of its costs, it should have filed this interpleader in state court where such fees are allowed as costs. Deducting these unallowable costs, the Court finds that costs of $827.13 are appropriate.

Accordingly, the Court recommends that Plaintiff's Motion for Award of Attorneys' Fees and Costs [Filed May 6, 2008; Docket #39] be **granted in part** and **denied in part** and that Plaintiff be awarded $4,907.13 in reasonable attorneys' fees and costs from the funds deposited with the Court in this case. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the

4

District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado this 16th day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).